## Fink License

*Walter Rice, Fisher, Rice & Perciballi,* for appellant.

*O. William Vanderlin, McNerney, Page, Vanderlin & Hall,* for Commonwealth.

WOOD, J., October 25, 1968.—Appellant, a junior operator, was convicted of a violation of section 1008 (a) of The Vehicle Code of April 29, 1959, P. L. 58 (improper pass). His operator's privileges were suspended by the Secretary of Revenue under section 604.1 of the code, which relates to the licensing and regulation of junior operators.

Appellant contends that the only punitive measures available to the secretary were those under the "point

system": section 619.1 of the code. See Rogers License, 43 D. & C. 2d 500 (1967). The point system provides for assignment of three points for an improper pass, but does not authorize a suspension.

We agree with appellant that the point system applies to all operators but we do not agree that the secretary has been divested of his authority to suspend under section 604.1, 75 PS §604.1.

The junior operator's license was established more as an exception to the general licensing provisions of the code than as a category of license. This is confirmed by the provision for parental revocation and the provision for termination and suspension by the secretary. The secretary's authority as to suspensions and revocations is as follows:

"In addition to the other provisions of this act relating to the suspension or revocation of operating privileges, in the event that a licensed junior operator is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' or violates subsection (c) hereof, the secretary may after a hearing, suspend the operating privileges of such junior operator until he has reached the age of eighteen (18) years, or for any other period of time. A junior operator's license shall automatically become a regular operator's license when the licensee reaches the age of eighteen (18) years".

This provision survived the revision of the code made in the course of establishing the point system, so we assume the legislature decided to allow the secretary to direct discretionary suspensions as before. Our conclusion in this regard is strengthened by reference to the Statutory Construction Act of May 28, 1937, P. L. 1019, section 51, 46 PS §551, which provides that the intention of the legislature may be ascertained by con-

sidering legislative and administrative interpretations of the law. We take judicial notice of the fact that the Secretary of Revenue considers the point system act did not deprive him of his suspension authority under section 604.1. Further, the Statutory Construction Act provides that the occasion and the necessity for a law is to be considered in interpreting its meaning. Neither the occasion nor the necessity for the enactment of the point system indicates a legislative intent that the prior differential treatment of junior and adult operators be eliminated.

Our conclusion that 604.1 suspensions were not affected by the code amendments of 1965 does not require us to conclude that the point system applies only to drivers over the age of 18. As indicated herein, it is our opinion and conclusion that the point system applies to all operators. To this extent, we adopt the view of the court in Rogers License, supra, and we agree that the reference in section 619.1 of the code to "persons licensed under the provisions of section 601 of this act" was inappropriate. Section 601 does not *provide for the licensing* of operators; it simply prohibits the operation of a motor vehicle without a license, and provides a penalty for unlicensed operation. Further, if *any* operator can be said to be "licensed under the provisions of 601" it must follow that *every* operator is licensed under 601. This is the only interpretation which can be given to the words "no person . . . shall operate any motor vehicle or a tractor upon a highway in this Commonwealth, unless such person has been licensed as an operator or a learner by the department under the provisions of this act".

ORDER

And now, this October 25, 1968, the action of the Secretary of Revenue suspending the operating privileges of Jerry Douglas Fink is sustained.